J-A10018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GREGORY FLOOD, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF GRADY FLOOD, DECEASED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1966 EDA 2024 |
| FAIRVIEW CARE CENTER OF PAPERMILL ROAD SNF, LLC, PAPERMILL ROAD NURSING AND REHABILITATION CENTER, 850 PAPER MILL ROAD OPERATIONS, LLC, CH LIGHTNING HOLDINGS, LLC C/O U-B CORPORATION, CS MAIN HOLDINGS, LLC C/O U-B CORPORATION, CZH LIGHTNING INVESTMENT, LLC C/O U-B CORPORATION, GP EQUITIES, LLC C/O U-B CORPORATION, GPI EQUITIES LLC C/O U-B CORPORATION, TEMPLE UNIVERSITY HOSPITAL, INC., TEMPLE UNIVERSITY HOSPITAL, INC., TEMPLE HEALTHCARE SERVICES, INC., TEMPLE UNIVERSITY HEALTH SYSTEM, TEMPLE UNIVERSITY PHYSICIANS, MAIN PA OPERATIONS HOLDINGS, LLC | : : : : : : : : : : : : : : : : : : : : : : : : : : | |
| APPEAL OF: FAIRVIEW CARE CENTER OF PAPERMILL ROAD SNF, LLC, PAPERMILL ROAD NURSING AND REHABILITATION CENTER, 850 PAPERMILL ROAD OPERATIONS, LLC AND MAIN PA OPERATIONS HOLDINGS, LLC | : : : : : : : | |

Appeal from the Order Entered June 24, 2024

J-A10018-25

In the Court of Common Pleas of Philadelphia County Civil Division at No(s): 220201943

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                    **FILED JULY 16, 2025**

Fairview Care Center of Papermill Road SNF, LLC, Papermill Road Nursing and Rehabilitation Center ("Papermill"), 850 Papermill Road Operations, LLC, and Main PA Operations Holdings, LLC (collectively, "Appellants") appeal from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying their motion for summary judgment. Fairview argues that Gregory Flood ("Flood") did not become administrator to the estate of Grady Flood ("Decedent") until after the statute of limitations ran, and therefore had no standing to file the survival and wrongful death action on behalf of the estate. Upon review, we affirm.

Beginning in 2016, and through the end of February 2020, Decedent was a patient at Accella Rehab Care Center at Springfield and/or Papermill. On December 20, 2019, Decedent fell while a patient at Accella Rehab Care Center and suffered various injuries. Decedent was transferred to Chestnut Hill Hospital for evaluation of his injuries resulting from the fall. Subsequently, Decedent was admitted to Temple University Hospital for treatment. Following

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

discharge, Decedent was re-admitted to Accella Rehab Center. Decedent subsequently died on February 26, 2020.

On February 18, 2022, Flood, individually, and as the administrator of Decedent's estate, filed a writ of summons against Appellants. Notably, while Flood represented himself as the administrator of the estate, he did not provide any documentation supporting that fact. On May 11, 2023, Flood, in the same capacities, filed a complaint against Appellants, raising various claims, including survival and wrongful death actions. Within the wrongful death claim, Flood averred that the Montgomery County Register of Wills appointed him administrator of Decedent's estate, though that did not actually occur until May 26, 2023, when Flood filed his letters of administration in Montgomery County.

On June 1, 2023, Appellants filed preliminary objections based upon Flood's lack of standing to file the action. Specifically, Appellants, noting that all actions that survive a decedent must be brought by the personal representative of the estate, argued that Flood did not become the administrator of Decedent's estate until after the statute of limitations had run.

Flood filed a response, arguing the "relation back" doctrine applied in this instance,[1] and Appellants were placed on notice that the administrator of the estate was bringing the action before the statute of limitations had run. The trial court overruled Appellants' preliminary objections and directed them to file an answer to Flood's complaint. Appellants then filed an answer with new matter. Thereafter, Appellants filed a motion for summary judgement, reiterating that Flood lacked standing because he was not the administrator of Decedent's estate before the statute of limitations expired. Flood filed a response, again raising the applicability of the relation back doctrine to this case. Ultimately, the trial court denied Appellants' summary judgment motion.

_____

[1] "Generally, all actions that survive a decedent must be brought by or against the personal representative and a decedent's estate cannot be a party to litigation unless a personal representative exists." *Edwards v. Norfolk S. Ry. Co.*, 2025 WL 1377099, *2 (Pa. Super. May 13, 2025) (en banc) (citation and quotation marks omitted). "The relation back doctrine, however, will sometimes be applied as an exception to the general rule." *Id.*

> Simply stated, the doctrine of relation back as applied to cases where an estate is a party means that the courts under certain circumstances will validate the acts of the personal representative of the estate which preceded the date of [their] official appointment. Thus, where a plaintiff, acting as the personal representative of an estate, initiates an action before the statute of limitations has run, but also before [their] appointment as personal representative has been finalized, the doctrine of relation back may be applied in appropriate circumstances to validate the filing of the action, even though the plaintiff's appointment is not finalized until after the limitations period has expired.

*Id.* (citation omitted).

Appellants timely filed a motion to amend the order and certify it for interlocutory appeal, but the trial court did not rule upon the request. Instead, the trial court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and Appellants timely complied. In response, the trial court issued a Rule 1925(a) opinion, finding that it erred in denying Appellants' request for summary judgment and finding that they were entitled to judgment as a matter of law. Trial Court Opinion, 12/6/2024, at 4-6. At the very least, the trial court concluded it erred by failing to stay the proceedings until this Court decided **Edwards v. Norfolk Railway, Co.**, No. 826 EDA 2021, as "**Edwards** would provide clarity to this issue and a possible change in the law." Trial Court Opinion, 12/6/2024, at 7.

In the interim, this Court issued an order directing Appellants to show cause as to why this appeal from an order denying summary judgment should not be quashed as interlocutory. Appellants filed a response. This Court allowed the appeal to proceed, noting that the appealability of the order can be raised again before this panel. Based on this Court's order, the trial court issued an order, denying Appellants' motion to amend and certify it for interlocutory appeal as moot.

On appeal, Appellants raise the following questions for our review:

A. Did the trial court err in denying [Appellants'] motion for summary judgment, as there were no genuine issues of material fact, and [Appellants were] entitled to judgment as a matter of law?

- 5 -

B. Did the trial court err by denying [Appellants'] motion for summary judgment and not staying this matter pending a decision in *Edwards* [], as that decision would provide clarity to the issue of standing or a change of law which would warrant an appeal?

Appellants' Brief at 3 (some capitalization omitted).

Before addressing Appellants' claims, we must determine whether this appeal is properly before this Court. "[A]n order denying summary judgment is ordinarily a non-appealable interlocutory order." *McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 104 (Pa. Super. 2015). However, "[a]n appeal may be taken as of right from a collateral order of a trial court[.]" Pa.R.A.P. 313(a).

> A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). All three factors must be present before an order may be considered collateral. *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 370 (Pa. 2021).

Here, the order denying summary judgment is separable from the main causes of action because the issue is whether Flood timely requested letters of administration such that he was entitled to file this action. Second, the right of Appellants to be free from participation in litigation where the applicability of the relation back doctrine and, thus, the propriety of the action, is in question is too important to be denied review. *See Loftus v. Decker*,

- 6 -

289 A.3d 1093, 1097 (Pa. Super. 2023) (en banc) ("An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule.") (citation omitted). Finally, Appellants would be subject to substantial cost to defend the litigation if it goes forward, thus constituting irreparable loss. *See Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655, 662 (Pa. Super. 2013) (stating that appellant met the third prong of the collateral order doctrine, as there would have been substantial cost in defending the complex litigation at trial). Thus, we conclude that all three prongs of the collateral doctrine order are met and we will address Appellants' appeal.

Our review of an order denying summary judgment is well settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Our scope of review of a trial court's order … denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Toth v. Toth*, 324 A.3d 469, 485-86 (Pa. Super. 2024) (en banc) (citation omitted).

We will address Appellants' interrelated claims together. Appellants contend that the trial court erred in denying their motion for summary

- 7 -

judgment because they were entitled to judgment as a matter of law. Appellants' Brief at 11. Appellants argue that Flood was required to establish he was Decedent's estate's personal representative before initiating the wrongful death and survival actions. *Id.* at 13-14. Highlighting that Pennsylvania provides for a two-year limitations period for any action seeking damages for death caused by the wrongful/negligent act of others, Appellants assert that Flood did not file for letters of administration until over a year after the statute of limitations had expired. *Id.* at 15-17, 20. According to Appellants, there is no dispute that Flood lacked standing to initiate the action on behalf of Decedent when he did. *Id.* at 17.

Appellants dispute Flood's claim that the relation back doctrine is applicable to the instant case. *Id.* at 17-19. According to Appellants, the doctrine only applies if plaintiffs took affirmative steps to seek appointment as the personal representative of the estate and identified themselves as the personal representative before the statute of limitations expired. *Id.* at 17-19. Appellants therefore conclude that Flood cannot benefit from the relation back doctrine because the statute of limitations had expired before he sought to be appointed the personal representative of Decedent's estate. *Id.* at 19.

In so arguing, Appellants recognize that, at the time of the filing of their brief, the *Edwards* case remained pending before this Court. *Id.* at 20-21. In Appellants view, this matter should have been stayed pending the outcome

of *Edwards*, as the decision would "provide clarity" as to the question of whether summary judgment should have been granted here. *Id.*

As the trial court recognized in its opinion and both parties concede, our decision in *Edwards* is dispositive to this appeal, as that case involved the applicability of the relation back doctrine to a claim similar to the one raised herein.[2] In *Edwards*, Douglas A. Edwards ("Edwards"), employed by Norfolk Railway, was diagnosed with renal cell cancer, allegedly because of his exposure to various toxic substances while working; he died on October 27, 2015. *Edwards*, 2025 WL 1377099, *1. On October 26, 2018, the day before the statute of limitations expired, Edwards' wife, Denia Edwards ("Denia"), filed an action under the Federal Employers' Liability Act, alleging that Edwards' cancer was caused by his employment with Norfolk. *Id.* Notably, the complaint identified the plaintiff as "DENIA EDWARDS, Personal Representative for the Estate of DOUGLAS A. EDWARDS." *Id.* However, Denia had not yet applied or been appointed as the personal representative of Edwards' estate. *Id.* On December 27, 2018, two months after the statute of limitations had run, Denia applied to be the personal representative of

---

[2] This Court issued its decision in *Edwards* on May 13, 2025. It is applicable here because this case was pending on appeal at the time of the decision. *See Kline v. Travelers Pers. Sec. Ins. Co.*, 223 A.3d 677, 689 (Pa. Super. 2019) ("The general rule in Pennsylvania is that appellate courts apply the law in effect at the time of appellate review. This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final.") (brackets and citation omitted).

Edwards' estate in West Virginia, where she and Edwards had lived. *Id.* After filing an answer and new matter, Norfolk filed a summary judgment motion, asserting that the action was barred by the statute of limitations because Denia did not apply to be the personal representative until the statute of limitations expired. *Id.* Edwards argued that the relation back doctrine applied. *Id.* The trial court agreed and denied summary judgment. *Id.* Norfolk petitioned this Court for permission to appeal, which was granted. *Id.* Initially, a three-judge panel of this Court affirmed the trial court's order. *Edwards*, 2025 WL 1377099, *2. Norfolk filed a petition for reargument by the Court en banc, which we granted. *Id.*

An en banc panel of this Court reviewed the case law applying the relation back doctrine to determine whether it applies to instances where an executor did not apply to be the personal representative of the estate until after the statute of limitations expired. *Id.* at **7-8. The Court explained that the relation back doctrine is applicable and does not contravene the purpose of the statute of limitations where the plaintiff commences the action before the statute of limitations ran and the defendant was aware that the plaintiff is raising claims against it. *Id.* at *8. When this occurs, the Court emphasized that "except for the plaintiffs' formal appointment as personal representative, the defendants … were put on notice before the statute of limitations had run that an action had been filed against them by a named individual who was, at least putatively, the personal representative of the

- 10 -

decedent's estate." *Id.* (citation and quotation marks omitted). Therefore, "the only thing that remained for the plaintiffs to do was to formalize their previously asserted appointment as personal representative." *Id.*

Applying the relation back doctrine to that case, the Court found that Denia timely filed her action and claims before the statute of limitations had expired. *Id.* Furthermore, Denia listed the plaintiff in the complaint as "DENIA EDWARDS, Personal Representative for the Estate of DOUGLAS A. EDWARDS," and averred "that she was the personal representative of the estate." *Id.* Accordingly, Norfolk was notified that it was a named defendant in the action and the basis of its alleged liability. *Id.* Critically, "[Denia's] claims did not change because of [Denia's] subsequent formal appointment as personal representative." *Id.* Thus, the Court did not find "fatal to her claims that [Denia] waited until after the statute of limitations had run to apply to be the personal representative of [Edwards'] estate." *Id.* The Court concluded that "the relationship between the parties was not affected with the sort of instability that statutes of limitations seek to preclude." *Id.* at *9 (citation omitted). As such, because Norfolk was on notice of the lawsuit before the statute of limitations expired, and the suit had been filed against it by a plaintiff who identified themselves as the personal representative of the estate, the failure to be named as personal representative of the estate until after the statute of limitations ran did not compel dismissal of the complaint. *Id.*

Like **Edwards**, Flood timely filed the action before the statute of limitations expired by filing the writ of summons, which notified Appellants that they were named defendants in a lawsuit brought by Flood individually and as administrator of Decedent's estate. Writ of Summons, 2/18/2022 (emphasis omitted); **accord** Complaint, 5/11/2023. Therefore, Appellants were put on notice that Flood was raising claims in his capacity as the personal representative of Decedent's estate and identified the claims he would be raising. As in **Edwards**, the fact that Flood waited until after the statute of limitations had run to apply to be the personal representative of Decedent's estate is not fatal to his claims. **See Edwards**, 2025 WL 1377099, at *8. Flood's claims did not change after his formal appointment as personal representative of Decedent's estate days after he filed the complaint. Because we are bound by the reasoning in **Edwards**, we affirm the trial court's denial of Appellants' motion for summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025

- 12 -